09-3320-cr
United States v. Roble

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of October, two thousand ten.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> PETER W. HALL,
> > *Circuit Judges*,
> RICHARD M. BERMAN[*]
> > *District Judge.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 09-3320-cr

SOFIA ROBLE also known as Marcus,

> *Defendant-Appellant*.

---

For Defendant-Appellant:     JULIA PAMELA HEIT, New York, N.Y.

For Appellee:     DANIEL L. STEIN, Assistant United States Attorney (Preet Bharara, United States Attorney, Anjan Sahni and Katherine Polk Failla, Assistant United States Attorneys, *of counsel*), New York, N.Y.

Appeal from a judgment and order of the United States District Court for the Southern

---

[*] United States District Judge Richard M. Berman of the United States District Court for the Southern District of New York, sitting by designation.

District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court be **AFFIRMED**.

Defendant-Appellant Sofia Roble,[1] who was convicted, following a guilty plea, of conspiracy to distribute and possess with intent to distribute cathinone ("khat"), conspiracy to import cathinone, and conspiracy to commit money laundering, in violation of 21 U.S.C. §§ 846, 963 and 18 U.S.C. § 1956(h), challenges the procedural and substantive reasonableness of her sentence. The district court (Cote, *J.*) sentenced Roble to a term of imprisonment of one year and one day, to be followed by a five-year term of supervised release, and forfeiture in the amount of $25,000. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review sentences for reasonableness, which is "akin to review for abuse of discretion." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). That review "encompasses two components: procedural review and substantive review." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). We must first determine whether the district court committed procedural error, which can include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing for

---

[1] The defendant's last name appears alternatively as "Robles" and "Roble" in the documents connected with this case. Because Magistrate Judge Debra C. Freeman noted on the record during the defendant's change of plea hearing that the defendant spelled her last named R-O-B-L-E ,we will refer to the defendant as "Roble." The Clerk's Office is directed to amend the docket sheet accordingly.

substantive reasonableness, "we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case" and "will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Cavera*, 550 F.3d at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).[2] On the issue of forfeiture, we review the district court's factual determination for clear error and its conclusions of law *de novo*. *United States v. Castello*, 611 F.3d 116, 119 (2d Cir. 2010). In calculating the amount of forfeiture, the district court "need only make a reasonable estimate of the loss, given the available information." *United States v. Uddin*, 551 F.3d 176, 180 (2d Cir. 2009) (internal quotation marks omitted).

Roble first challenges her sentence of incarceration as unreasonable on the ground that the district court failed to consider her terrible experiences in war-torn Somalia, including having been raped and having to flee the country.[3] Procedurally, there was no error because the district court specifically stated it was imposing sentencing "[i]n consideration of all of the factors under 3553(a)" and there is no requirement that the district court must explain each individual factor and how each factor affected its sentencing decision. *United States v. Carter*, 489 F.3d 528, 540-41 (2d Cir. 2007). Substantively, Roble has failed to indicate any reason why the sentence

---

[2] The government additionally argues that Roble failed to raise any of her arguments below and, therefore, this court should review the district court's ruling for plain error. We need not reach this issue because the defendant's arguments would fail under either abuse of discretion or plain error review.

[3] We recognize that Roble has finished serving her term of imprisonment, making this argument moot to the extent it applies to the imprisonment portion of her sentence. We will consider the argument, however, as it may bear on the other portions of her sentence, namely her term of supervised release.

was not within the range of permissible decisions or even point out any indication that the district court did not fully consider those facts when imposing sentencing. As Roble points out, the PSR contains detailed information about those incidents and the district court makes several references to the PSR throughout the sentencing proceedings, demonstrating its awareness of the issues presented in the PSR. Finally, given that the defendant received a term of imprisonment that was significantly less than the 24 months recommended by the probation officer, Roble cannot convincingly assert that the district court failed to give her life experiences "any weight." Accordingly, the challenge to her sentence fails.

Roble next contends that the district court failed to elucidate any reason for imposing a five-year term of supervised release, above the two to three year term recommended by probation. That assertion fails to account for the district court's repeated statements expressing concerns about Roble's history of recidivism. The district court laid out a series of facts, which defense counsel did not dispute, demonstrating that after Roble was released from prison in December 2005 she returned to the khat distribution conspiracy within a matter of months and, further, that after her March 2006 arrest, she continued to participate in the conspiracy until her arrest on federal charges in August 2006. The district court was clearly acting within its discretion to impose a longer term of supervised release in consideration of the defendant's having returned to the khat trade despite serving a prison sentence and facing new charges related to her khat distribution activities.

Finally, Roble argues that the $25,000 forfeiture amount was "inherently unreasonable" in light of her lack of financial means or viable employment. Conceding that forfeiture is permissible even where the defendant lacks any assets, Roble contends that the district court imposed forfeiture of $25,000 without any support for that amount in the record. This is

4

incorrect. The PSR estimated that Roble was responsible for laundering $25,000 in khat

proceeds, and the government adopted this measure in its July 2009 letter to the court in support

of forfeiture. Defense counsel made no objection to this basis for the calculation during

sentencing, preferring to argue that Roble would not be able to afford such a high amount in light

of her lack of assets or means of employment. The district court was not required to take those

factors into account when imposing forfeiture. The district court did not err in imposing the

$25,000 forfeiture.

For the reasons stated, we **AFFIRM** the judgment of the district court.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK